Matter of Filardi (2024 NY Slip Op 04264)

Matter of Filardi

2024 NY Slip Op 04264

Decided on August 21, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.

2023-06674

[*1]In the Matter of Therese Marie Filardi, also known as Therese M. Larussa, an attorney and counselor-at-law. (Attorney Registration No. 2187383)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1988. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by an order of the Supreme Judicial Court of the Commonwealth of Massachusetts dated May 31, 2023, under the name Therese M. Larussa.

Catherine A. Sheridan, Acting Chief Counsel, Brooklyn, NY (Lauren R. Cooper of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Therese Marie Filardi, Chatham, Massachusetts, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Judicial Court of the Commonwealth of Massachusetts dated May 31, 2023, the respondent was suspended from the practice of law for a period of 10 months for, inter alia, making an unauthorized charge on her client's credit card and failing to properly maintain her IOLTA account.
Massachusetts Proceeding 
The respondent was admitted to the Bar of the Commonwealth of Massachusetts on December 21, 1987, and maintained an IOLTA account, ending in 7740, at Bank of America. On or about February 21, 2019, the respondent represented James Colimon in a divorce proceeding. In relevant part, the retainer agreement provided, "the Client will be billed each month and the bill will state the hourly work of the Attorney as well as any fees. The payment of these bills will come from the $5000.00 retainer." The retainer was paid in two installments, $500 paid on Colimon's American Express credit card, and the remaining $4,500 paid on his Visa credit card. The respondent recorded Colimon's American Express credit card information in her client tracking software without Colimon's knowledge or consent. Apart from the retainer fee, the respondent was not authorized to initiate additional charges on Colimon's credit card. The retainer fee was deposited into the respondent's IOLTA account on February 25, 2019, and on March 18, 2019, respectively.
On February 25, 2019, April 17, 2019, and July 15, 2019, the respondent withdrew a portion of the retainer from the IOLTA account for payment of her earned legal fees. Prior to any of these withdrawals, the respondent did not provide Colimon, in writing, with: (1) an itemized bill or other accounting of services rendered, (2) notice of the amount and date of the withdrawals, or (3) a statement of the balance of Colimon's funds in the respondent's IOLTA account. From February 21, 2019, through and including December 17, 2019, the respondent failed to provide Colimon with any bill for her legal services. On or about December 17, 2019, Colimon instructed the respondent to cease work on his matter until such time as she provided him with a bill. On [*2]January 3, 2020, the respondent provided Colimon with an invoice dated December 28, 2019 (hereinafter the December 2019 bill), along with two iterations of a statement indicating the amount due for legal services rendered. On the December 2019 bill, and in the two statements, the respondent misrepresented to Colimon that she withdrew his entire $5,000 retainer for payment of legal services on January 2, 2020, and demanded an additional $13,490 for legal services.
On or about January 21, 2020, Colimon sent the respondent a letter wherein he disputed the charges, because he had already told the respondent that he did not want to spend more than $10,000 on the divorce proceeding, and noted that he was not provided with a monthly invoice and was not informed of the balance of his $5,000 retainer. Colimon enclosed a check for $8,000 marked "final payment" on the memo line of the check, which the respondent deposited into her IOLTA account on or about February 3, 2020.
Subsequently, on or about March 13, 2020, the respondent intentionally charged $5,000 on Colimon's American Express credit card without his knowledge or consent. On or about April 8, 2020, Colimon demanded a $5,000 refund, which the respondent made belatedly.
Between March 2020 through at least September 2020, the respondent did not maintain compliant bookkeeping records for her IOLTA account and failed to perform any three-way reconciliations of the IOLTA account.
On March 2, 2023, the respondent entered into a stipulated agreement with the Commonwealth of Massachusetts Board of Bar Overseers, in which she admitted to the factual allegations and the rule violations set forth in the amended petition for discipline. Specifically, the respondent admitted that she violated Massachusetts Rules of Professional Conduct rules 1.4(a) (failure to communicate with the client), 1.15(b)(2) (segregation of trust property) and (d)(2) (trust account documentation), 1.15(f)(1)(B) (failure to keep a check register), (C) (failure to keep individual client records), (D) (failure to keep a ledger of bank fees), and (E) (failure to keep a reconciliation report), and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (h) (conduct that adversely reflects on fitness to practice law). The parties also agreed that a 10-month suspension was an appropriate sanction.
By order dated May 31, 2023 (hereinafter the May 2023 Massachusetts order), the Supreme Judicial Court of the Commonwealth of Massachusetts accepted the stipulation and suspended the respondent from the practice of law for a period of 10 months, effective 30 days after the date of the entry of the order.
New York Proceeding 
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by the May 2023 Massachusetts order. In response, the respondent submitted an affidavit dated November 9, 2023, asserting that she is not raising any of the defenses enumerated in 22 NYCRR 1240.13(b), but requesting that this Court impose a sanction of no more than a 10-month suspension nunc pro tunc to the effective date of the May 2023 Massachusetts order. The respondent states that she mistakenly believed that she was authorized to charge additional legal fees on her client's credit card after the initial retainer was depleted. In mitigation, she avers that she cooperated fully with the disciplinary proceedings, that she returned the $5,000 charge to Colimon's American Express, and that she has been a member of the Bar in good standing for more than 30 years. She further avers that she is a licensed social worker since 1995, and she has obtained a reputation for honesty and integrity through her dedication to helping others.
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the May 2023 Massachusetts order, including the respondent's admissions and the mitigating circumstances, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be suspended from the practice of law for a period of one year.
LASALLE, P.J., DILLON, DUFFY, BARROS, and FORD, JJ., concur.
ORDERED that the respondent, Therese Marie Filardi, also known as Therese M. Larussa, is suspended from the practice of law for a period of one year, commencing September 20, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 20, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with [*3]the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Therese Marie Filardi, also known as Therese M. Larussa, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Therese Marie Filardi, also known as Therese M. Larussa, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Therese Marie Filardi, also known as Therese M. Larussa, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court